In re BOYLE et al. (two cases).

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 495*)—ACCOUNTING—RIGHT TO COMMISSIONS.

It is only when an executor acts as such that he is entitled to any commissions whatever.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2089–2106, 2108; Dec. Dig. § 495.*]

2. EXECUTORS AND ADMINISTRATORS (§ 516*)—ACCOUNTING—COMMISSIONS—OPENING OR VACATING DECREE—AFFIDAVIT OF PERFORMANCE OF SERVICE.

One of three executors, upon the filing of accounts by the other two, which were not signed by him and which did not purport to deal with any of his transactions with the estate, though cited, did not appear and made no appearance or objection until after the report of the referee, overruling objections by other parties, had been confirmed by the Surrogate. The record account as passed did not show that he had received or disbursed any moneys of the estate. He appeared however, before the Surrogate on settlement of the decree and submitted affidavits showing the performance of some services. Held that, on the filing of the account and citation, it was his duty to appear and present his right to a share in the commissions, and that upon such affidavits he could not in effect open the confirmation to review the question of his commissions.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2199–2207, 2220–2232; Dec. Dig. § 516.*]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the accounts of Phœbe A. D. Boyle and another, two of the executors of John Boyle, deceased. From orders of the Surrogate's Court of Kings County, John H. B. Boyle appeals. Decree and order of Surrogate's Court affirmed.

See, also, 146 App. Div. 920, 131 N. Y. Supp. 1105.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Louis Frankel, of New York City (J. Holley Clark, Jr., of New York City, on the brief), for appellant.

Eugene D. Boyer (Charles Strauss, of New York City, on the brief), for respondents.

WOODWARD, J. On the 25th day of February, ·1909, John Neuscheler (now deceased) filed in the Surrogate's Court an account duly verified by him, purporting to set forth the joint acts of himself and his coexecutor, Phœbe A. D. Boyle, as executors and trustees under the will of John Boyle, deceased, from the date of testator's death to December, 1908. John H. B. Boyle, the appellant, was named as one of· the executors and trustees under the will; but the accounting does not purport to deal with any of his· transactions with the estate. He does not sign or verify the account, and. although cited, did not appear in connection with the accounting in any manner until after the same had been sent to a referee to try the issues raised by objections to. the account by a special guardian and a daughter of the decedent, and the report of such referee overruling the objections

had been made and confirmed by the surrogate. On the 8th day of May, 1911, after the report was made and confirmed by the Surrogate, John Boyle, the appellant, appeared upon the settlement of the decree before the Surrogate. The sole object of this appearance, as is conceded by the appellant, was to secure for himself commissions, although he was not a party to the accounting, and, so far as the record shows, he has not received or disbursed any of the moneys of the estate. In connection with this appearance for commissions only, the appellant submitted two affidavits, one of them verified on the 1st day of May, 1911, and the other on the 6th day of June of the same year, and the question presented in the nonenumerated motion, argued in connection herewith, grows out of the refusal of the learned Surrogate to resettle the decree and include a recital of these various affidavits, which is necessary to give any kind of a foundation to this appeal. Without the presence of these affidavits, which have been included in the published record, although not recited in the decree, there would be nothing to show that the appellant made any objection to the decree, from which he has appealed. We will, for the purposes of these appeals, consider the affidavits as being in the record, and, if it shall appear that notwithstanding their presence the appellant is not entitled to a reversal of the decree, it will follow that he has suffered no grievance from a refusal of the Surrogate to grant his motion, and therefore that the order in the nonenumerated motion should be affirmed.

It seems to us entirely clear that upon the filing of the account of two of the three executors and trustees, and the issuing of a citation, it became the duty of the appellant, as well as others interested, to appear in the proceeding and to raise any questions which were properly involved in an accounting, including his right to share in the commissions.

[1] If he was an acting executor or trustee, he had a right to have his account adjusted in connection with the others, and it is only upon his acting as such executor or trustee that he would be entitled to any commissions whatever. Matter of Rutledge, 162 N. Y. 31, 56 N. E. 511, 47 L. R. A. 721.

[2] Objections to the account were duly filed by other parties, and the issues were sent to a referee for trial, and upon such trial, it may be assumed, it was established that the accounting executors and trustees had received and paid out the sums which entitled them to the commissions which have been directed to be paid, for it is upon this basis of receiving and paying out moneys that commissions are authorized to be paid. Sections 2730, 2802, Code of Civil Procedure; Matter of Rutledge, supra. This presented an issue of fact upon which the decree must be based, and the determination of the referee, confirmed by the Surrogate, would seem to be conclusive upon this question, particularly as it is conceded by the appellant that he was in default, and that he does not here attempt to question any finding of the referee upon the issues before him. The theory of the appellant appears to be that he can take the determination of the referee, as confirmed by the Surrogate, and superimpose his affidavits,

136 N.Y.S.—7

showing the performance of some of the duties of executor or trustee, and compel the Surrogate to award commissions to him, notwithstanding that the confirming of the account, as made, has judicially determined that the accounting executors and trustees have received and paid over the moneys on which the commissions have been awarded. It seems to us that the appellant is fundamentally wrong in his practice; that he is not in a position, without a record containing a case duly settled by the trial court, to bring up for review the question of his commissions, for the reason that the issue of fact upon which the right to grant commissions has been determined against him; that it has been determined that the account as stated is correct, and upon that account the commissions are based. The facts thus determined in the manner pointed out, the appellant being in default, he could not be permitted to in effect open the decree upon affidavits and take away the rights which the respondents had under the decision of the Surrogate.

There are no exceptions to any rulings of the referee or of the Surrogate. Indeed, it is distinctly asserted by the appellant that he finds no fault with anything done before the referee or the Surrogate, in so far as the decision in reference to the account is concerned; he is merely seeking to stand upon the accounting as made and confirmed by the referee and the Surrogate, and then to have it held as a matter of law that he is entitled to commissions upon his affidavits showing that he had performed some services. We think this is not the law, and that the appellant, if he had desired to assert his rights as one of the executors and trustees, should have appeared in the proceeding before the referee, and that, having defaulted, he is not entitled to open the decree entered upon the report of the referee.

The decree and order appealed from should be affirmed, with costs, in each case. All concur. JENKS, P. J., not voting.